IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 06-243 |
| | ) | |
| LAMAR M. GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Defendant requested hearing on grant of pretrial detention for defendant Lamar M. Gibson issued by a magistrate judge. After a de novo review of the pleadings in this case, a pretrial services report, the arguments of counsel, and a hearing at which proffers of evidence were presented, this court will deny defendant's request for bail and order defendant Lamar M. Gibson detained without bond pending trial.

Standard

The court's standard of review for reviewing a magistrate judge's decision regarding bail is de novo. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir.1985).

Facts

Defendant was indicted by a grand jury for serious drug offenses, including one under 18 U.S.C. § 841 (b)(1)(B)(iii) that provides a maximum sentence of life imprisonment with a mandatory minimum sentence of at least ten years imprisonment. (Docket No.1). The alleged offenses occurred on June 17, 2005, June 28, 2005 and August 6, 2005. On each of those dates, a confidential informant made a controlled purchase from defendant for varying amounts of crack

cocaine. After the confidential informant made the controlled purchases, the government executed a search warrant on defendant's residence. The search yielded 60 grams of crack cocaine and $14,000 in cash. The recovered cash included buy money paid to defendant by the confidential informant.

With respect to defendant's background, defendant had a meaningful employment history at hourly paid jobs ranging from $6 to $7.50 per hour. Defendant has family ties in Western Pennsylvania. Defendant, however, has had extensive interaction with the criminal justice system and committed various drug crimes while he was under state court supervision. The government conceded that defendant is not a flight risk.

## Discussion

The structured system of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., regarding the release or detention of a defendant before trial seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered. See United States v. Lemos, 876 F.Supp. 58, 59 (D.N.J.1995). The court is charged with determining whether there exists "any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community...." 18 U.S.C. § 3142(f). See also Lemos, 876 F.Supp. at 59 (stating that "[a] condition precedent to detention without bail under subsection (e) is that a hearing be held as provided in subsection (f).").

Section 3142(c)(1)(B) of the Bail Reform Act sets forth a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release. If no sufficient

condition or combination of conditions exists, however, the court may order that a defendant be detained without bail pending trial.

Section 3142(e) of the Bail Reform Act provides, in pertinent part:

> If, after a hearing pursuant to the provisions of subsection (f), . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial.
> . . . .
>
> Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. . . . .

18 U.S.C. § 3142(e).

A grand jury indictment for offenses proscribed by 21 U.S.C. § 841(a)(1) provides probable cause to believe that a defendant has committed an offense for which he may receive a sentence of imprisonment for ten or more years for violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See, e.g., United States v. Suppa, 799 F.2d 115, 119 (3d Cir.1986).

In this case, the rebuttable presumption set forth in section 3142(e) applies because defendant was indicted by a grand jury for, inter alia, distribution and possession with the intent to distribute 50 grams or more of cocaine base, in the form commonly known as crack. (Docket No. 1). Defendant has at least two (2), and possibly three (3), prior felony drug convictions. As a result of these convictions, defendant faces a minimum term of imprisonment of twenty years and possibly a mandatory sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii).

Thus, subject to rebuttal by defendant, it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. . . ."  18 U.S.C. § 3142(e).

Here, since the government concedes that defendant is not a flight risk, the issue is whether defendant rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of the community if defendant is released pending trial.

Safety of the community is implicated not only by violence, but also by narcotics trafficking.  In cases involving the instant drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs.  See United States v. Perry, 788 F.2d 100, 111 (3d Cir.1986)(danger to community arises from the likelihood that the defendant will, if released, commit one of the proscribed federal offenses).  Cf. United States v. Strong, 775 F.2d 504, 507 (3d Cir.1985)(statutory language unequivocably establishes that Congress intended to equate traffic in drugs with a danger to the community).

A defendant must produce only "some evidence" to rebut the presumption set forth in section 3142(e).  United States v. Jessup, 757 F.2d 378, 384 (1st Cir.1985).  The quantum of evidence required to rebut the presumption is not high.  Rather, the defendant need only come forward with credible evidence conflicting with the presumption.  Id. at 383.  When a defendant produces conflicting evidence the presumption, however, does not disappear.  The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight.  See United States v. Carbone, 793 F.2d 559, 560-61 (3d Cir.1986)(per curiam).  See also United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir.1991); United States v. Palmer-Contreras, 835 F.2d 15,18 (1st Cir.1987)(per curiam ).

In producing evidence to rebut the presumption, a defendant looks to the four factors which the court must consider in determining whether pretrial detention is warranted.  See United States v. Mercedes, 254 F.3d 433, 436 (2d Cir.2001) (to determine whether the presumption of dangerousness has been rebutted, the court should consider the factors set forth in 18 U.S.C. § 3142(g)).  The four factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including, inter alia, character, employment, family ties, community ties, length of residence in the community and criminal history, whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

The court concludes that defendant failed to rebut the presumption that no condition or combination of conditions would reasonably ensure the safety of the community if he is released, and even if he had rebutted the presumption, the government, by clear and convincing evidence, persuaded the court that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released.  If the presumption is rebutted, the facts employed to support a detention must "be supported by clear and convincing evidence." 18 U.S.C. § 3142(f); see Perry, 788 F.2d at 115 ("The clear and convincing standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness.").

As noted above, violence is not the only danger to the community this court must consider.  The court must also consider the danger of trafficking in illicit drugs.  When determining whether to detain defendant the court must, in essence, make a prediction as to

5

whether defendant is likely to traffic in illicit drugs if released pending trial based on, inter alia, the factors prescribed by the Bail Reform Act. See Perry, 788 F.2d at 114-15 ("the dangerousness determination involves a prediction of the detainee's likely future behavior.").

Applying section 3142(g)'s factors to the instant case, this court first concludes that the defendant was indicted for serious drug offenses. Indeed, one offense carries a mandatory term of imprisonment of twenty (20) years and possibly a mandatory life sentence if defendant has three (3) prior felony drug convictions. Second, the weight of the evidence against defendant as presented by the government seems to be strong. The government, with the help of a confidential informant made three (3) controlled purchases of crack cocaine from defendant. Further the search incident to a search warrant produced more than sixty (60) grams of crack cocaine as well as $14,000 in cash. The $14,000 included buy money used by the confidential informant. The serious offense for which defendant was charged involves drug trafficking and the weight of the evidence is against defendant. Third, the employment and family ties evidence proffered by defendant was insufficient to rebut the presumption. Defendant had a meaningful employment history but not an income from jobs that would be commensurate with the amount of cash found during the execution of the search warrant on his home. With respect to his family ties, defendant relied on his relationship with the mother of his child as one of the reasons the court should release defendant on bond. The government, however, proffered evidence that this individual recently was involved in drug related charges. Finally, the danger present in this case is that if released the defendant will continue to traffic in illicit narcotics. The government proffered evidence that some of defendant's convictions for drug related offenses occurred while defendant was on state court supervision related to other crimes. Given defendant's history of

continuing to engage in the trafficking of illicit drugs despite the fact that defendant is on court supervision and based upon the evidence of drug trafficking involved in the charges present in this case which occurred while defendant was working, this court predicts that defendant will likely continue to engage in the same behavior if he is given the opportunity to do so. Thus, even if defendant had rebutted the section 3142(e) presumption set forth in the Bail Reform Act, this court finds that there is no condition or set of conditions which would reasonably assure that defendant would not engage in drug trafficking on release. In light of defendant's background and since the weight of the evidence is against defendant and the presumption retains evidentiary weight, this court cannot conclude that any condition or set of conditions, if imposed, would reasonably assure the safety of the community.

Here, the evidence put forth by the defendant to rebut the presumption of danger was insufficient to satisfy his burden. Further, the record reveals that even had the defendant met his burden, the government has shown by clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were released pending trial.

THEREFORE, this 8th day of February, 2007, IT IS HEREBY ORDERED that the defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, to persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that defendant shall be afforded reasonable opportunity for private consultation with his attorney.

IT IS FINALLY ORDERED that, upon order of the court or upon request of an attorney for the government, a person in charge of the correctional facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                                                                    __/s/ Joy Flowers Conti_____
                                                                                          Joy Flowers Conti
                                                                             United States District Judge

cc:  Counsel of Record