IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 06-243 |
| | ) | |
| LAMAR M. GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Pending before the court is the motion by defendant Lamar Gibson ("defendant" or "Gibson") for early termination of supervised release (ECF No. 142), to which the government filed a response in opposition. (ECF No. 145). The motion is ripe for decision.

On June 16, 2008, Gibson pleaded guilty to possession with intent to distribute 50 grams or more of crack cocaine. He was sentenced on February 10, 2009, to 162 months of imprisonment to be followed by 5 years of supervised release. His term of supervised release began on December 17, 2017. On December 19, 2019, defendant filed his present motion.

The primary concern articulated by Gibson is that he wants to pursue a promotion to a position at George Junior Republic ("GJR") in the state of Indiana. Gibson does not represent that he has a specific, firm offer of employment in Indiana. Gibson does not contend that he will been unable to accept a new position because of the conditions of supervision. Instead, he states only that he is gainfully employed by GJR as a Clinical Manager/Behavioral Health Tech at a special needs unit in Grove City, Pennsylvania, and is eligible for a promotion or transfer. The court urges Gibson to cooperate with the

1

probation officer to plan for a possible job relocation, for example, by arranging to transfer his supervision to Indiana.

I. STANDARD

Supervised release "serves an entirely different purpose that the sentence imposed under § 3553(a)," Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). The court's determination whether early termination of supervised release is "warranted by the conduct of the defendant released and the interest of justice," § 3583(e)(1), is a discretionary decision. United States v. Bayard, 537 F. App'x 41, 42 (3d Cir. 2013).

Pursuant to the governing statute, 18 U.S.C. § 3583(e):

[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other

2

correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

In United States v. Laine, 404 F.App'x 571 (3d Cir. 2010), the court of appeals stated that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." 404 F. App'x at 573-74. "Compliance with the conditions of supervised release [is] expected and not exceptional." *Id.* at 574.

II. ANALYSIS

The court first will consider the pertinent factors set forth in § 3553(a) as instructed in 18 U.S.C. § 3583(e)(1), and then determine whether early termination of defendant's supervised release is warranted by his conduct and in the interest of justice.

A. 3553 Factors

*(1) The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1).*

Gibson was convicted of a very serious crack cocaine distribution offense, for which there was a statutory mandatory minimum of 10 years of imprisonment. He was sentenced based on the career offender enhancement, although the court departed downward because that designation overrepresented the seriousness of his criminal

history. The court compliments Gibson for his compliance with the conditions of supervised release, his participation in Life Coaching training and his example to troubled youth during his employment at George Junior Republic. Because of the serious drug offense and his prior criminal history, this factor weighs against early termination of supervision.

***(2) The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner§§ 3553(a)(2)(B)-(D).***

The continuation of supervision with its conditions affords deterrence to future criminal conduct and protects the public from further crimes by defendant. There is no evidence that Gibson currently presents a danger to the community. This factor is neutral for an early termination of supervised release.

***(3) The sentencing range established by the Sentencing Commission, § 3553(a)(4).***

Pursuant to U.S.S.G., Chapter 5, Part A, based on a total offense level of 34 and a criminal history category of VI, Gibson's guideline range for imprisonment was 262-327 months. As noted above, Gibson received a downward departure and was sentenced to 162 months of imprisonment. The statute provides for supervised release up to life. The statutory mandatory minimum term of supervised release is five years. The guideline range for a term of supervised release was five years to life, pursuant to U.S.S.G. § 5D1.2(c). Gibson has served less than half the five-year term of supervision, which was the statutory minimum. The court determines that this factor weighs against early termination of his supervised release.

***(4) Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).***

The parties did not cite to any applicable policy statements regarding early

termination of Gibson's release.

***(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).***

There is no evidence of a need for early termination of Gibson's supervised release to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Generally, the full term of supervision is fulfilled because "simple compliance with the conditions of supervised release [is] expected." <u>Laine</u>, 404 F. App'x at 574. Because the statutory mandatory minimum is 5 years of supervised release, early termination in this case may <u>create</u> unwarranted sentencing disparities with other defendants. This factor weighs against early termination.

***(6) The need to provide restitution to any victims of the offense, § 3553(a)(7).***

Restitution is not at issue in this case.

B. <u>Whether early termination is warranted and in the interest of justice</u>

In support of his motion, Gibson asserts that his supervision has been successful and he has complied with the conditions. In essence, Gibson contends that his compliance with the conditions of supervision justifies early termination of his supervised release. The government responds that Gibson has done nothing extraordinary to justify early termination of supervised release.

The statute requires the court to be satisfied that early termination is both: (1) <u>warranted</u> by Gibson' conduct; and (2) in <u>the interest of justice</u>. § 3583(e)(1). Numerous courts have explained that this standard requires conduct or circumstances that are out of the ordinary. As summarized in <u>United States v. Davies</u>, No. 07-436, 2018 WL 2227962 at *7 (May 16, 2018):

> "Simple compliance with the conditions of supervised release [is] expected and not exceptional." Id. at 574; United States v. Abdelhady, No. 06-63, 2013 WL 1703775, at *2 (W.D. Pa. Apr. 19, 2013) ("[I]t is well-settled that mere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to justify early termination."); United States v. Dudash, No. 05-101, 2012 WL 874878, at *3 (W.D. Pa. Mar. 14, 2012) ("Defendant's full compliance with all of the conditions of supervised release does not warrant early termination."). "In other words, the § 3553(a) factors and the interest of justice do not support early termination unless there is a reason other than compliance with the conditions of supervision." United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")).

It cannot be the case that anyone who complies with supervision could qualify for termination after one year, regardless of applicable statutory mandatory minimum terms of supervision. If that was the proper standard, the exception would swallow the rule. *See* Medina, 17 F. Supp. 2d at 247. Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of supervision to full term will achieve its desired effects on the supervised individual and community. At least, something more than refraining from violations, even if not extraordinary or exceptional, should be required to warrant an exercise of discretion to terminate supervision early.

Considering the relevant factors, and the basis urged for early termination of supervision (i.e., a desire to pursue a potential job transfer to another state), the court finds that at this time early termination is not warranted and is not in the interest of justice in this case. The court commends Gibson's compliance with the conditions of his supervised release. Although laudable, these actions are expected and indeed required on supervised release. The court is not convinced to terminate his supervised release early,

particularly when coordination with the probation officer may resolve Gibson's concerns about a potential job transfer to Indiana. If the conditions of his supervision prevent Gibson from obtaining an actual position, and the probation office is unable to accommodate a transfer, Gibson may renew his request at that time.

III. CONCLUSION

Based upon the foregoing, the court will deny the motion for early termination of supervised release without prejudice. Defendant's compliance is laudable, but is expected and indeed required while he is on supervised release. Accordingly, the motion for early termination of supervised release (ECF No. 142) will be denied without prejudice.

An appropriate order follows.

Dated: January 27, 2020					BY THE COURT:

							/s/ Joy Flowers Conti
							Joy Flowers Conti
							Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 06-243 |
| | ) | |
| LAMAR M. GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

And now this 27th day of January, 2020, in accordance with the memorandum opinion, the motion for early termination of supervised release (ECF No. 142) is DENIED without prejudice to reassert if the conditions of supervision prevent him from accepting an actual employment offer.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge