IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal Action No. 06-243 |
| v. | ) |
| | ) |
| | ) |
| LAMAR M. GIBSON, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**CONTI, Senior District Judge**

**I.  Introduction**

Pending before the court is a pro se motion (ECF No. 151) filed by defendant Lamar Gibson ("Gibson" or "defendant"), who is currently serving a term of federal supervised release. Gibson seeks permission to use prescribed medical marijuana, or in the alternative, early termination of his supervised release.  The government filed a response in opposition to the motion (ECF No. 156).

According to Gibson, he was prescribed medical marijuana by a physician, Dr. Kansky Delisma, to treat his anxiety and hypertension.  The prescription was not attached to Gibson's motion.  Gibson reports that he was registered under the Pennsylvania Medical Marijuana Program on December 10, 2020.  Gibson admits that he tested positive for marijuana use in April and May 2021, after the deaths of his cousin and father.  Gibson requests permission from the court to use medical marijuana while on supervision.  In the alternative, Gibson asks the court for early termination of his supervised release.

The government opposes Gibson's request because Congress requires a defendant on federal supervision to comply with federal law, and Gibson's proposed consumption of

marijuana would violate federal law. The government also opposes early termination of Gibson's supervised release.

### II.     Procedural History and Background

On June 16, 2008, Gibson pleaded guilty to possession with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of crack cocaine. On February 4, 2009, the court sentenced Gibson to a term of imprisonment of 162 months, to be followed by a term of supervised release of 5 years. Gibson completed his prison term and began serving his term of supervised release on July 19, 2018. He has completed approximately 3/4th of his term of supervised release.

### III.    Discussion

#### A. Medical Marijuana

As an initial matter, the court cannot grant Gibson's request to be allowed to use marijuana while on supervised release. Pursuant to 18 U.S.C. § 3583(d), the court must impose a mandatory condition of supervised release that the defendant not commit another federal, state, or local crime. Gibson is subject to that condition. The possession of marijuana, with one limited exception, is a federal crime. 21 U.S.C. §§ 812(c) and 844(a); Gonzales v. Raich, 545 U.S. 1, 14 (2005) ("By classifying marijuana as a Schedule I drug, as opposed to listing it on a lesser schedule, the manufacture, distribution, or possession of marijuana became a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study."). The possession of marijuana—except as part of a Food and Drug Administration preapproved research study—is a federal crime that cannot be committed while a defendant is on supervised release.

The court is aware that Gibson is permitted to use medical marijuana under Pennsylvania law. Federal law, however, "leaves no room for an exception for medical marijuana." United States v. Mitchell-Yarbrough, Crim. A. No. 18-32, 2021 WL 3738911, at *4 (W.D. Pa. Aug. 24, 2021) (citing United States v. Perla, No. CR 20-281, 2021 WL 461881, at *3 (W.D. Pa. Feb. 9, 2021)). In other words, the federal law prohibiting the possession of marijuana conflicts with Pennsylvania law permitting the use of medical marijuana. The Supreme Court of the United States has explained: "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." Gonzales, 545 U.S. at 29.

This court is without authority to permit Gibson to violate federal law. Mitchell-Yarbrough, 2021 WL 3738911, at *8 (explaining that despite "differing conclusions on how to manage Defendants using medical marijuana on supervised release,…there has been general uniformity…[that a] Court cannot…modify the mandatory conditions of a Defendant's [ ] release to permit him to violate federal law by using medical marijuana.") (collecting decisions). Thus, this court must deny Gibson's motion for permission to use medical marijuana.[1]

B. Early Termination of Supervised Release

The court turns now to Gibson's request for early termination of his supervision. If the court grants this relief, Gibson would be free of the condition prohibiting his use of marijuana.

---

[1] The Consolidated Appropriations Act Rider of 2020 (the "Rider"), which "prohibits [the Department of Justice]…from using funds to prevent Pennsylvania from implementing its own laws that authorize the use, distribution, possession, or cultivation of medical marijuana," does not compel a different conclusion. Mitchell-Yarbrough, 2021 WL 3738911, at *8. As the court in Mitchell-Yarbrough explained, the Rider is not a source of authority for this court to permit a defendant to violate federal law. Courts have recognized that the Rider is relevant—if at all—only when a defendant invokes "the Rider as a means for preventing the DOJ from expending funds to prosecute federal marijuana violations that otherwise comply with state law." Id. Thus, the Rider becomes relevant—if at all—"only if or when the Probation office petitions to violate [a] Defendant under the terms of his release and the Government attempts to prosecute said petition." Id.

3

On January 27, 2020, the court denied without prejudice Gibson's prior motion for early termination in connection with his desire to pursue a potential job transfer to Indiana (ECF No. 146). The court commended Gibson's compliance with the conditions of his supervised release, but found that early termination was not warranted at that time. The court explained that if the probation office was unable to accommodate a transfer, Gibson could renew his request. In his pending motion, Gibson did not present new evidence or argument with respect to the court's application of the relevant factors in its January 27, 2020 opinion and order.

### 1. Applicable Law

In United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020), which was issued after the court's decision on Gibson's prior motion, the United States Court of Appeals provided additional guidance with respect to motions for early termination of supervised release. A district court has the discretion to grant the early termination of a defendant's term of supervised release[2] under 18 U.S.C. § 3583(e). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

---

[2] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. at 52-53.

The Third Circuit Court of Appeals has clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen

circumstances ***must*** be shown." Id. (emphasis added).³ In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will reconsider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) and Melvin to determine whether early termination of Gibson's term of supervised release is warranted by his conduct and is in the interest of justice at this time.

### 2. § 3553 Factors

***(1) The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1).***

As the court observed in its prior decision, Gibson was convicted of a very serious crack cocaine distribution offense, for which there was a statutory mandatory minimum of 10 years of imprisonment. He was sentenced based on the career offender enhancement, although the court departed downward because that designation overrepresented the seriousness of his criminal history. The court complimented Gibson for his compliance with the conditions of supervised release, his participation in Life Coaching training and his example to troubled youth during his employment at George Junior Republic. As reported in Gibson's pending motion, he now operates two successful businesses and is participating in community revitalization projects. Because of the serious drug offense and his prior criminal history, however, this factor continues to weigh against early termination of supervision.

---

3   The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

***(2) The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner§§ 3553(a)(2)(B)-(D).***

The continuation of supervision with its conditions affords deterrence to future criminal conduct and protects the public from further crimes by defendant. There is no evidence that Gibson currently presents a danger to the community. Gibson admitted to using marijuana twice, in April and May 2021, in violation of the conditions of his release. Gibson argues that he was prescribed medical marijuana to treat his anxiety and hypertension. Gibson, however, did not provide any medical records or a treating physician's opinion about his need to use marijuana. In any event, as explained above, the possession of marijuana remains a federal crime. This factor is neutral for an early termination of supervised release.

***(3) The sentencing range established by the Sentencing Commission, § 3553(a)(4).***

Pursuant to U.S.S.G., Chapter 5, Part A, based on a total offense level of 34 and a criminal history category of VI, Gibson's guideline range for imprisonment was 262-327 months. Gibson received a significant (100 month) downward departure and was sentenced to 162 months of imprisonment. As the government points out, if not for the downward departure Gibson would still be in prison. The statute provides for supervised release up to life. The statutory mandatory minimum term of supervised release is five years. The guideline range for a term of supervised release was five years to life, pursuant to U.S.S.G. § 5D1.2(c). Gibson has served approximately 3/4th of his five-year term of supervision, which was the statutory minimum. The court determines that this factor weighs against early termination of his supervised release.

***(4) Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).***

The parties did not cite to any applicable policy statements regarding early termination of Gibson's release.

***(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).***

There is no evidence of a need for early termination of Gibson's supervised release to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Because the statutory mandatory minimum is 5 years of supervised release, early termination in this case may <u>create</u> unwarranted sentencing disparities with other defendants. This factor weighs against early termination.

***(6) The need to provide restitution to any victims of the offense, § 3553(a)(7).***

Restitution is not at issue in this case.

In summary, the relevant § 3553 factors are neutral or weigh against early termination of Gibson's supervised release.

### 3. Whether early termination is warranted and in the interest of justice

In support of his motion, Gibson asserts that he needs medical marijuana to treat his anxiety and hypertension and avers that he is not a risk of reoffending. Gibson reports he is a part owner in a restaurant and an apparel business and has been working with the Farrell City Council on community revitalization programs. The government contends that Gibson committed a very serious crime, was classified as a career offender, benefited from a substantial downward variance and argues that terminating his supervision before the statutory mandatory minimum may create an unwarranted disparity with similarly-situated defendants. The court notes that Gibson did not provide any medical records or other supporting evidence with respect to his need for medical marijuana. On this record, Gibson's request for early termination of supervision is not in the interest of justice.

## IV.    Conclusion

Based upon the foregoing, Gibson's motion (ECF No. 151) for permission to use prescribed medical marijuana, or in the alternative, early termination of supervised release will be denied. The denial will be without prejudice to Gibson's ability to seek early termination of his supervised release if his circumstances change.

An appropriate order will be entered.

BY THE COURT,

Dated: April 7, 2022

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge